UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHLEEN ANN TAYLOR & TERRY DALKE, JR. | CIVIL ACTION |
| VERSUS | NO: 10-1748 |
| AMERISURE INSURANCE CO., ET AL. | SECTION: "A" (4) |

## ORDER AND REASONS

Before the Court is a **Motion to Appoint Court Appointed Expert (Rec. Doc. 67)** filed by defendants Amerisure Insurance Co., Amerisure Mutual Insurance Co.,and Eddie B. Jennings, Jr. Plaintiffs Kathleen Ann Taylor and Terry Dalke, Jr. oppose the motion. The motion, set for hearing on September 28, 2011, is before the Court on the briefs without oral argument.[1]

Plaintiffs filed this lawsuit to recover for personal injuries that they claim to have sustained following a rear-end collision in St. Tammany Parish. On September 7, 2011, the Court granted summary judgment in favor of Plaintiffs on the issue of fault vis à vis defendant Eddie B. Jennings, Jr. and his insurers. (Rec. Doc. 64). The case is scheduled to be tried to a jury on November 14, 2011.

Defendants now move the Court to appoint an expert to review

---

[1] Oral argument has been requested. The Court is not persuaded that oral argument would be helpful in light of the issues presented.

1

the various MRIs, X-rays, and other medical diagnostic testing to determine if the medical evidence discloses the need for disc replacement surgery for plaintiff Kathleen Taylor.  One of Taylor's physician's has recommended the surgery.  Meanwhile, Defendants' experts do not recommend surgery and the IME physician has interpreted the underlying MRI as not even revealing a disc herniation.

Rule 706 allows the Court discretion to appoint an expert in a civil case.  The purpose of Rule 706 is to allow the appointment of an expert to aid the court, not a party to the case.  Hulsey v. Thaler, 421 Fed. Appx. 386, 389 (5th Cir. 2011) (citing Hannah v. U.S., 523 F.3d 597, 600 (5th Cir. 2008)).

This case does not satisfy the requirements for appointment of an expert under Rule 706.  Court-appointed experts may advise the judge on technical issues, provide the jury with background information in order to better understand the evidence, or offer a neutral opinion on disputed technical issues.  Manual for Complex Litigation § 11.51 (4th ed. 2004).  But the mere fact that the parties' experts have reached divergent opinions does not justify the appointment of an expert to aid in resolving the conflict.  Hiern v. Sarpy, 161 F.R.D. 332, 336 (E.D. La. 1995) (citing Mallard Bay Drilling, Inc. v. Bessard, 145 F.R.D. 405, 406 (W.D. La. 1993)).  The jury will consider the testimony of each party's medical experts and will resolve the conflict as is

2

the case in virtually every personal injury case that goes to trial.  As one court has noted, the court's appointment of an expert in a situation like this one will just add one more additional witness who is going to give one side or the other an inappropriate numerical advantage as to the number of experts in its corner.  <u>Hiern</u>, 161 F.R.D. at 336.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Appoint Court Appointed Expert (Rec. Doc. 67)** filed by defendants Amerisure Insurance Co., Amerisure Mutual Insurance Co.,and Eddie B. Jennings, Jr. is **DENIED**.

September 29, 2011

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE